22A00608

No. _____

Date Summons Issued and Filed
2/16/2022

/s/ Monica Gay
_____
Deputy Clerk

Deposit Paid $ _____

[ ]  **ANSWER**

[ ]  **JURY**

## STATE COURT OF DEKALB COUNTY
### GEORGIA, DEKALB COUNTY

### SUMMONS

JANICE LESLIE
_____

600 PEACHTREE STREET, NE, SUITE 4010
ATLANTA, GA 30308
_____
(Plaintiff's name and address)

**vs.**

P.A.M. TRANSPORT, INC
_____
2300 Henderson Mill Road, Suite 312, Atlanta, Georgia
30345
_____

(Defendant's name and address)

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2ⁿᵈ Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

Robert Loar
_____
(Name)

Bank of America Plaza 600 Peachtree Street NE, Suite 4010 Atl GA 30308
_____

214.378.6665                    602484
_____           _____
(Phone Number)              (Georgia Bar No.)
        (Address)

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. (Plus cost of this action.)

_____        _____
Defendant's Attorney                          Third Party Attorney

_____        _____
Address                                       Address

_____        _____
Phone No.          Georgia Bar No.            Phone No.          Georgia Bar No.

**TYPE OF SUIT**

☐ Account        ✓ Personal Injury
☐ Contract       ☐ Medical Malpractice
☐ Note           ☐ Legal Malpractice
☐ Trover         ☐ Product Liability
                 ☐ Other

Principal      $ _____

Interest       $ _____

Atty Fees      $ _____

☐ Transferred From _____

**(Attach BLUE to Original and WHITE to Service Copy of complaint)**

STATE COURT
DEKALB COUNTY, (
2/16/2022 3:56
E-FIL
BY: Monica G



EXHIBIT

D-1

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

JANICE LESLIE;                                            §
                                                         §                    CIVIL ACTION
        Plaintiff,                                       §
                                                         §
VS.                                                      §          FILE NO. 22A00608
                                                         §
ANTONIO SLOAN; AND P.A.M.                                §
TRANSPORT, INC.;                                         §
                                                         §               **JURY TRIAL DEMANDED**
                                                         §
        Defendants.                                      §

## COMPLAINT FOR DAMAGES

COMES NOW PLAINTIFF Janice Leslie ("Plaintiff"), by and through her

counsel of record and files this her Complaint for Damages showing this

Honorable Court as follows:

1.      This is an action for personal injury damages arising out of a motor

vehicle collision that occurred on or about February 21, 2021, in DeKalb County,

Georgia.

### PARTIES, JURISDICTION, AND VENUE

2.      Plaintiff Janice Leslie is a resident of DeKalb County, Georgia.

3.      Plaintiff Janice Leslie sustained personal injuries as a result of a

motor vehicle collision that occurred at approximately 4:00 p.m. on February 21,

2021, on Bouldercrest Road, in Dekalb County, Georgia.

4.      Defendant Antonio Sloan is an individual who resides at 1904

Republic Drive, Dayton, OH 45414 and may be served with a copy of the

summons and complaint at this address.

COMPLAINT FOR DAMAGES – Page 1

5.     Once served with process, Antonio Sloan is subject to the jurisdiction and venue of this Honorable Court pursuant to the terms of the Georgia Non-Resident Motorist Act O.C.G.A. § 40-12-1.

6.     Antonio Sloan was properly served with process in this civil action.

7.     Antonio Sloan was sufficiently served with process in this civil action.

8.     Antonio Sloan is subject to the jurisdiction of this Court.

9.     Defendant P.A.M Transport, Inc. is a foreign corporation doing business in the state of Georgia and is authorized to conduct business in Georgia.

10.    P.A.M Transport, Inc. may be served through its registered agent, Roger & Cates PC, at 2300 Henderson Mill Road, Suite 312, Atlanta, Georgia 30345.

11.    Once served with process, P.A.M Transport, Inc. is subject to the jurisdiction of this Court, pursuant to O.C.G.A. § 40-1-117(b), because this action may be brought in the county where the cause of action or some part thereof arose.

12.    P.A.M Transport, Inc. was properly served with process in this civil action.

13.    P.A.M Transport, Inc. was sufficiently served with process in this civil action.

14.    P.A.M Transport, Inc. is subject to the jurisdiction of this Court.

15.    Venue in the above-styled civil action is proper in this County and Court.

<u>FACTS</u>

16.     Plaintiff re-alleges and incorporate the preceding paragraphs as if fully set forth herein.

17.     On February 21, 2021, at approximately 4:00 p.m., Plaintiff Janice Leslie was operating her vehicle southbound on Bouldercrest Road, in DeKalb County, Georgia.

18.     On February 21, 2021, at approximately 4:00 p.m., Defendant Antonio Sloan was operating his tractor-trailer southbound on Bouldercrest Road in the far right lane and headed in the same direction as Plaintiff.

19.     On February 21, 2021, at approximately 4:00 p.m., Defendant Antonio Sloan made an unsafe lane change attempting to turn left on River Road and struck the passenger side of Plaintiff's vehicle.

20.     As a result of the collision, Plaintiff Janice Leslie was injured and continues to suffer injuries and damages this from incident.

21.     At all times related to the subject collision, Plaintiff was acting in a reasonable and prudent manner.

22.     Defendant Antonio Sloan was an employee and/or agent of Defendant P.A.M. Transport, Inc.

23.     Defendants do not blame Plaintiff for causing or contributing to the cause of the subject collision.

24.     Defendants are 100% at fault for causing the subject collision.

25.     No act or failure to act on the part of Plaintiff caused or contributed to the cause of the subject collision.

26.     No act or failure to act on the part of any third party caused or contributed to the cause of the subject collision.

27.     No act or failure to act on the part of Plaintiff caused or contributed to the cause of Plaintiff's injuries.

28.     No act or failure to act on the part of any third party caused or contributed to the cause of Plaintiff's injuries.

29.     Plaintiff was an innocent victim of the collision described in this Complaint.

30.     Defendants agree that they should fairly compensate Plaintiff for all injuries and damages that were caused by the subject collision.

31.     As a result of the collision, Plaintiff has suffered serious and permanent injuries and damages.

## COUNT I: NEGLIGENCE OF DEFENDANT ANTONIO SLOAN

32.     Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

33.     At all relevant times, Antonio Sloan owed the following civil duties to Plaintiff and Plaintiffs but violated those duties in the following ways:

    a.  Failing to keep such proper lookout and attention to the roadway as a person of ordinary prudence would have kept under the same or similar circumstances;

    b.  Changing lanes when unsafe to do so;

    c.  Failing to drive in a single lane;

    d.  Failing to keep an assured safe distance from Plaintiff's vehicle;

    e.  Failing to keep an assured safe distance from Plaintiff's vehicle;

f.  Failing to timely apply the brakes of his tractor-trailer;

g.  Failing to control his speed;

h.  Failing to drive at a reasonable and prudent speed under the conditions;

i.  Failing to maintain proper control of his tractor-trailer;

j.  Failing to keep a proper lookout for traffic;

k.  Failing to make reasonable and proper observations while driving;

l.  Failing to timely apply the brakes of his tractor-trailer in order to avoid the collision in question;

m.  Failing to safely operate his tractor-trailer;

n.  Failing to obey traffic laws; and

o.  Otherwise failing to act reasonably and prudently as a driver should under the circumstances.

34.  Defendant was also negligent *per se* in that he violated a number of laws and regulations governing his operation of his 18-wheeler, including:

a.  Failing to Drive with Due Care (O.C.G.A. § 40-6-241);

b.  Making an improper lane change (O.C.G.A. § 40-6-123(b);

c.  Failing to Obey Traffic Laws (O.C.G.A. § 40-6-1); and

d.  Reckless Driving (O.C.G.A. § 40-6-390).

35.  As a result of Antonio Sloan's negligence, Plaintiff has suffered severe and permanent damages.

36.  As a direct and proximate result of the negligence and negligence *per se* of Antonio Sloan, Plaintiff is entitled to recover special damages, including but not limited to:

   a. Medical expenses in the past and in the future, in an amount that
      will be proved at trial;

37.   Plaintiff is also entitled to recover for her general damages, including
but not limited to:

   a. Shock of impact;

   b. Disability;

   c. Loss of enjoyment of life;

   d. Disfigurement in the past and future;

   e. Physical impairment in the past and future;

   f. Physician pain and suffering in the past and future; and

   g. Mental anguish in the past and future.

### COUNT II: NEGLIGENCE OF DEFENDANTS P.A.M. TRANSPORT, INC.

38.   Plaintiff re-alleges and incorporate the preceding paragraphs as if
fully set forth herein.

39.   At all times material hereto, Antonio Sloan was an employee of
Defendant P.A.M. Transport, Inc.

40.   At all times material hereto, Antonio Sloan was acting within the
scope and course of his employment and/or agency with Defendant P.A.M.
Transport, Inc.

41.   At all times material hereto, Antonio Sloan was an agent of
Defendant P.A.M. Transport, Inc.

42.   At all times material hereto, Antonio Sloan was acting within the
scope and course of his agency with Defendant P.A.M. Transport, Inc.

43.     At all times material hereto, Antonio Sloan was authorized by Defendant P.A.M. Transport, Inc. to operate the tractor-trailer that was involved in the collision described in this Complaint.

44.     Defendant P.A.M. Transport, Inc. is liable for the negligent actions and omissions of Antonio Sloan pursuant to the doctrine of *respondeat superior*.

45.     Defendant P.A.M. Transport, Inc. was the owner(s) of the tractor-trailer operated by Antonio Sloan and are therefore liable for damages caused in this case.

46.     Defendant P.A.M. Transport, Inc. was also itself negligent in the following ways:

   a. Negligently hiring or contracting with Defendant Antonio Sloan to drive the tractor-trailer at issue;

   b. Negligently training Antonio Sloan;

   c. Negligently entrusting Antonio Sloan to drive the tractor-trailer professionally;

   d. Negligently retaining Antonio Sloan to drive the tractor-trailer at issue;

   e. Negligently qualifying Antonio Sloan;

   f. Failing to supervise Antonio Sloan; and

   g. Otherwise failing to act as a reasonably prudent company under the circumstances.

47.     As a direct and proximate result of the negligence of Defendant Antonio Sloan and Defendant P.A.M. Transport, Inc. in the ensuing collision, Plaintiff sustained severe and permanent injuries and damages.

48.     Defendant P.A.M. Transport, Inc. is liable for all damages allowed by law for the damages and losses sustained by Plaintiff.

### COUNT III: COMBINED AND CONCURRING LIABILITY FOR COMPENSATORY DAMAGES

49.     Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

50.     Defendant P.A.M. Transport, Inc. and/or their driver, Antonio Sloan, acted in a manner which either alone, and/or combined and concurring with the actions of the other such Defendant's acts of negligence described herein, directly and proximately caused the collision and Plaintiff's injuries and damages.

51.     As a direct and proximate result of the negligence of Defendant P.A.M. Transport, Inc. and their driver, Antonio Sloan, Plaintiff was physically injured, has suffered, and will continue to suffer pain, disability, loss of earning capacity, loss of enjoyment of life, anxiety, and related damages.

52.     As a direct and proximate result of the breaches of duty by Defendants, Plaintiff is entitled to recover fair and full compensation for all injuries and damages that have been suffered as a proximate result of the collision and that will be suffered in the future as a result of the collision, including, without limitation, all special damages and compensatory damages, medical expenses and other necessary expenses, as well as fair and full compensation for all pain and suffering, including physical pain, mental and emotional suffering, shock of impact, disability, worry, anxiety, loss of enjoyment of life, and other categories of damages provided for under the law.

## COUNT IV: PUNITIVE DAMAGES

53.     Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

54.     Defendant P.A.M. Transport, Inc. and their driver, Antonio Sloan's acts were knowing, willful, wanton, and/or demonstrated that entire want of care, which raises the presumption of a conscious indifference to consequences.

55.     The actions of Defendant motor carrier P.A.M. Transport, Inc. and their driver, Antonio Slaon, as set forth herein, were done intentionally, knowingly and willfully with a reckless and wanton disregard to the consequences and damages that would be caused to others and/or which would raise the presumption of conscious indifference to consequences of their misconduct.

56.     Accordingly, Defendant P.A.M. Transport, Inc. and their driver, Antonio Sloan, are liable to the Plaintiff for punitive damages to punish, penalize, and deter others from similar conduct in the future.

**WHEREFORE**, Plaintiffs pray that the following relief be granted:

a)     A trial by jury;

b)     For Summons and Complaint to issue against each Defendant;

c)     For judgment against each Defendant to compensate Plaintiff for past and future injuries and damages;

d)     For judgment against each Defendant for attorneys' fees and expenses of litigation;

e)

f)     For judgment against Defendant motor carrier and their driver for punitive damages as shown to be fair and appropriate at the trial of this case;

g)     Court costs, discretionary costs, and prejudgment interest; and

h)      For all such further and general relief which this Court deems just
        and proper.

Dated this 16th day of February, 2022.

                                    Respectfully submitted,

                                    WLG ATLANTA, LLC

                                    /s/ Rob Loar
                                    ROB LOAR
                                    GEORGIA STATE BAR NUMBER 602484
                                    ATTORNEY FOR PLAINTIFFS


600 PEACHTREE STREET, NE, SUITE 4010
ATLANTA, GA 30308
TELEPHONE:   470-881-8804
FACSIMILE:   470-575-2792
E-MAIL:      ROB.LOAR@WITHERITELAW.COM

                                                STATE COURT OF
                                                DEKALB COUNTY, GA.
                                                2/16/2022 3:56 PM
                                                E-FILED
                                                BY: Monica Gay

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| JANICE LESLIE; | § § | CIVIL ACTION |
| Plaintiff, | § § | |
| VS. | § § | FILE NO. ____22A00608____ |
| ANTONIO SLOAN; AND P.A.M. TRANSPORT, INC.; | § § § | |
| Defendants. | § § | **JURY TRIAL DEMANDED** |

### PLAINTIFF JANICE LESLIE'S FIRST COMBINED SET OF WRITTEN DISCOVERY TO DEFENDANT DRIVER ANTONIO SLOAN SERVED WITH THE COMPLAINT

COMES NOW PLAINTIFF Janice Leslie in the above-captioned lawsuit and pursuant to O.C.G.A. §§ 9-11-33, 9-11-34 and 9-11-36 hereby propounds the following First Request for Admissions, First Interrogatories and First Request for Production of Documents to Defendant ANTONIO SLOAN, for response under oath, pursuant to the Georgia Civil Practice Act, for responses and production as provided by law.

### DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.    The term "**Document**" as used herein shall be given a very broad definition to include every type of paper, writing, data, record, graphic, drawing, photograph, audio recording and video recording.  The term includes material in all forms, including printed, written, recorded, or other.  The term includes all files, records and data contained in any computer system, computer component and/or computer storage (e.g., hard drive, disc, magnetic tape, backup system, etc.).  This term includes, but is not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements,

STATE COURT OF DEKALB COUNTY, GA. 2/16/2022 3:56 PM E-FILED BY: Monica Gay

bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, hard drive recordings, pictures, and voice recordings. Plaintiffs expressly intend for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2.      "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3.      (a)      "**Identify**" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

        (b)      "**Identify**" with respect to any "**document**" or any reference to stating the "**identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and

address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

4.      "**Subject Collision**" means the collision described in the Complaint.

5.      "**You**," "**Your**," or "**WILLIAMS**" means Defendant ANTONIO SLOAN.

6.      "**CO-DEFENDANT**" means Defendant P.A.M Transport, Inc.

7.      "**Similar**" shall have the meaning given in the American Heritage Dictionary, which is "showing some resemblance; related in appearance or nature; alike but not identical." As used here, the word "similar" shall not be limited as if modified by the word "substantially" and shall not mean "the same". If you limit the information provided because you use another interpretation of the word "similar," please state the interpretation you are using and reveal the nature of the information withheld.

8.      The terms "**and**" as well as "**or**" shall be each construed conjunctively and disjunctively as necessary to bring within the scope of each interrogatory and request for documents all information and documents that might otherwise be construed to be outside its scope. The term "**and/or**" shall be construed likewise.

9.      Whenever necessary to bring within the scope of an interrogatory or request for production of documents any information or document that might otherwise be construed to be outside its scope:  (i) the use of a verb in any tense shall be construed as the use of the verb in all other tenses; (ii) the use of the singular shall be construed as the use of the plural and vice versa; and (iii) "**any**" includes "all," and "**all**" includes "any."

10.     With regard to any term used herein that is deemed by the responding party as being ambiguous or vague, a term shall be construed in its broadest sense to encompass all reasonable definitions of that term.

## O.C.G.A. § 9-11-36 REQUESTS FOR ADMISSION

**REQUEST NO. 1**     Defendant Antonio Sloan is a proper party to this lawsuit.

**REQUEST NO. 2**     Defendant Antonio Sloan is properly identified in this case.

**REQUEST NO. 3**     Defendant Antonio Sloan was properly and sufficiently with process in this civil action.

**REQUEST NO. 4**     Venue is proper in this Court as to Antonio Sloan.

**REQUEST NO. 5**     Jurisdiction is proper in this Court as to Defendant Antonio Sloan.

**REQUEST NO. 6**     At the time of the collision described in this Complaint, Defendant Antonio Sloan was operating a tractor-trailer over the public roadways in Georgia.

**REQUEST NO. 7**     At the time of the collision described in this Complaint, Antonio Sloan was operating a tractor-trailer with the permission of Co-Defendant over the public roadways.

**REQUEST NO. 8**     At the time of the collision described in this Complaint, Antonio Sloan was responsible for the safe and reasonable operation of a tractor-trailer over the public roadways within and throughout the State of Georgia.

**REQUEST NO. 9**     At the time of the collision described in this Complaint, Defendant Antonio Sloan was acting within the course and scope of his employment with Co-Defendant P.A.M Transport, Inc.

**REQUEST NO. 10**     On February 21, 2021, at approximately 4:00 p.m., Plaintiff Janice Leslie was operating her vehicle traveling southbound on Bouldercrest Road, in the right lane.

**REQUEST NO. 11**     On February 21, 2021, at approximately 4:00 p.m., Defendant Antonio Sloan was operating his tractor trailer traveling southbound, owned by Defendant P.A.M Transport, Inc. in the far right lane.

**REQUEST NO. 12**     On February 21, 2021, at approximately 4:00 p.m., Defendant Antonio Sloan made an unsafe lane change into Plaintiff's lane and collided hard with the passenger side of Plaintiff's vehicle.

**REQUEST NO. 13**     The collision with Defendant Antonio Sloan caused Plaintiff to suffer injuries and damages.

**REQUEST NO. 14**     As a result of the collision, Plaintiff Janice Leslie was injured and continues to suffer injuries and damages this from incident.

**REQUEST NO. 15**     Co-Defendant P.A.M Transport, Inc. conducted its own investigation into the cause of the subject collision.

**REQUEST NO. 16**     Co-Defendant concluded that Defendant Antonio Sloan was the sole cause of the subject collision.

**REQUEST NO. 17**     Following the collision described in this Complaint, Co-Defendant disciplined Defendant Antonio Sloan.

**REQUEST NO. 18**     Co-Defendant and/or its driver are 100% at fault for causing the subject collision.

**REQUEST NO. 19**     No act or failure to act on the part of the Plaintiff caused or contributed to the cause of the subject collision described in this Complaint.

**REQUEST NO. 20**     No act or failure to act on the part of any third party caused or contributed to the cause of the subject collision.

**REQUEST NO. 21**     No act or failure to act on the part of any third party caused or contributed to the cause of the subject collision.

**REQUEST NO. 22**     No act or failure to act on the part of the Plaintiff caused or contributed to the cause of Plaintiff's claimed injuries or damages.

**REQUEST NO. 23**     No act or failure to act on the part of any third party caused or contributed to the cause of the subject collision.

**REQUEST NO. 24**     Plaintiff was an innocent victim in the subject collision described in this Complaint.

**REQUEST NO. 25**     Co-Defendant agrees that Defendants should fairly compensate Plaintiff for all injuries and damages that are shown to have been more likely than not caused by the subject collision.

**REQUEST NO. 26**     Defendant Antonio Sloan agrees that Defendants should fairly compensate Plaintiff for all injuries and damages that are shown to have been more likely than not caused by the subject collision.

**REQUEST NO. 27**     Plaintiff did suffer injuries damages as a result of the collision described in this Complaint.

## O.C.G.A. § 9-11-33 INTERROGATORIES

### YOUR BACKGROUND INFORMATION

**INTERROGATORY NO. 1**    State your full name, date and place of birth, and social security number. If you have ever been known by any name(s) other than the one you identify, please state each such name and for each such name explain when you were known by that name, whether you had a separate social security number and/or driver's license in that name and explain why you changed names or went by more than one name.

**INTERROGATORY NO. 2**    For each driver's license you have had in the past seven years, identify the state of issue, the date of issue, the number and whether or not it was a commercial driver's license.

**INTERROGATORY NO. 3**    Identify each address where you have lived in the past ten years and provide the dates when you lived at each address.

**INTERROGATORY NO. 4**    For each place you have worked (as an employee, independent contractor, leased driver or otherwise) in the past fifteen (15) years, provide the following information: name of entity or person, for whom you worked; address; dates you worked there; job position; supervisor's name; and the reason you left.

**INTERROGATORY NO. 5**    If you have won any awards, been given special recognitions, and/or there are any accomplishments and/or achievements you are particularly proud of, please explain them and provide the date and location for them.

**INTERROGATORY NO. 6**    Identify all motor vehicle collisions that you have been involved in during the past fifteen (15) years and for each collision, describe what

happened; where the collision occurred; the names of the other individuals involved; who was at fault; and whether there were any injuries.

**INTERROGATORY NO. 7**   If you have been arrested, charged, warned and/or cited for any violation of any ordinance, law and/or regulation in the past ten years or if you have ever been convicted at any time of a felony, for each arrest, charge, warning, citation, conviction, identify the charge, jurisdiction, date, and disposition. This includes all traffic violations, licensing violations, vehicle and/or driver inspection violations, and all violations of any criminal code and law.

**INTERROGATORY NO. 8**   If you have ever been disqualified from driving a motor vehicle, please describe when and under what circumstances you were disqualified.

**INTERROGATORY NO. 9**   Have you had any medical condition in the past five (5) years that could affect your ability to operate a motor vehicle (including without limitation any condition affecting vision, hearing, high or low blood pressure, epilepsy, sleep issues, diabetes, nervous system issues, endocrine system issues, motor skill issues, issues with sensory abilities, sleep apnea, etc.)? If so, describe in detail each condition, who has treated you for the condition, and the nature and dates of these treatments.

**INTERROGATORY NO. 10**   Have you ever been involved in any lawsuit other than the present one (excluding domestic cases)? If so, explain whether you were a plaintiff, defendant, or witness and identify the style, jurisdiction, date and nature of the lawsuit.

**INTERROGATORY NO. 11**   Identify all training you have received in connection with operating a vehicle, commercial vehicle or 18-wheeler, including courses taken to obtain your driver's license and training received since obtaining your driver's license.

## INSURANCE

**INTERROGATORY NO. 12**   For each liability insurance policy of any kind that does or may provide any coverage on behalf of any Defendant (whether it is your policy or anyone else's policy) for damages/injuries alleged in this case and/or that is providing you a defense, provide: name of insurer; policy number; limits of coverage; the name(s) of all insureds; and state whether any insurer has offered a defense under a reservation of rights or otherwise contested coverage for the subject case.

## SUBJECT COLLISION

**INTERROGATORY NO. 13**   Have you communicated with any person (other than your attorneys) in any way regarding the Subject Collision at any time including but not limited to giving any prepared statement or account of the events? If so, provide the details of any such communications, statements and accounts by explaining when, where, in what form, to whom the statement or account was given and the substance of your communication, statement, or account.

**INTERROGATORY NO. 14**   Identify all person(s) who you to your knowledge have or may have any personal knowledge or information regarding: the Subject Collision; the facts leading up to the Subject Collision; the investigation of the Subject Collision; any party to this action; any vehicles involved in the Subject Collision or; and/or any other Incidents, claims or defenses raised in this action. The purpose of this Interrogatory is to identify all witnesses you believe may have relevant testimony of any kind in connection with this case.

**INTERROGATORY NO. 15**   If you maintain that either Plaintiff or anyone else not a party to this lawsuit has any responsibility of any kind for causing the Subject Collision, and/or

for causing any of the damages alleged in the Complaint for Damages, describe in detail the basis for their responsibility and identify all person(s) who have any knowledge regarding this issue.

**INTERROGATORY NO. 16**  If you consumed any alcoholic beverage, sedative, tranquilizer, stimulant, and/or other prescription and/or over-the-counter drug or medicine (whether legal or not) during the twenty-four (24) hour period <u>immediately before</u> the Subject Collision, identify the substance consumed, the amount consumed, the time and place of consumption and the purpose for the consumption.

<u>MISCELLANEOUS</u>

**INTERROGATORY NO. 17**  Provide your mobile phone carrier(s) and mobile phone number(s) existing at the time of the Subject Collision, and with respect to all of the phone calls you made on your cell phone on the date of the Subject Collision, please state: the time each call was placed; the time each call ended; the person or persons with whom you spoke on each call; the phone number of the person or persons with whom you spoke with on each call; the purpose for each call; and whether you were operating the vehicle he was driving involved in the Subject Collision at any time during each call.

**INTERROGATORY NO. 18**  Explain in detail where you were and what you were doing during the six (6) hours <u>immediately prior to</u> and the six (6) hours <u>immediately following</u> the Subject Collision.  Identify all documents that evidence your response and all people who can substantiate your response.

**INTERROGATORY NO. 19**  Identify each person you expect to call as an expert witness at trial including in your response a summary of each opinion the expert holds in

regards to this case, the factual basis for each such opinion, a list of all documents and evidence of any kind provided to the expert for review and a list of all documents and evidence of any kind that support each opinion.

**INTERROGATORY NO. 20**   For each of Plaintiff's First Request for Admissions addressed to you that you did not admit without qualification, state the factual support for your denial and otherwise explain in detail the reason for your refusal to admit and identify all persons and documents that support the factual basis for your response.

**INTERROGATORY NO. 21**   For each of factual allegation made in Plaintiff's Complaint that you denied, state the factual support for your denial and otherwise explain in detail the reason for your refusal to admit, and identify all persons and documents that support the factual basis for your denial.

## O.C.G.A. § 9-11-34 DOCUMENT REQUESTS

### GENERAL

**REQUEST NO. 1:**   All documents utilized by you in any way in responding to Plaintiff's First Interrogatories to Defendant Driver Antonio Sloan.

**REQUEST NO. 2:**   Each liability insurance policy (and declarations page for each policy) that provides or may provide coverage for damages sustained in the Subject Collision and/or if coverage was in dispute that was in place at the time of the Subject Collision.

**REQUEST NO. 3:**   A copy of each automobile insurance policy that you had in place at the time of the Subject Collision, which provided liability coverage for the operation of the vehicle you were driving that was involved in the Subject Collision.

**REQUEST NO. 4:**  All documents that you have exchanged with any insurance company evidencing the subject collision.

**REQUEST NO. 5:**  All documents that you have exchanged with any insurance company evidencing a lack of coverage for the Subject Collision.

**REQUEST NO. 6:**  All reservation of rights letters and/or agreements regarding insurance coverage for the claims asserted against you arising from the Subject Collision.

**REQUEST NO. 7:**  All documents directly or indirectly provided to and received from any insurance company regarding your driving history, criminal history, claims history, training, and qualification to drive and/or your insurability for motor vehicle operations.

**REQUEST NO. 8:**  All documents and driver training resources provided or made available to you directly or indirectly by any employer, insurance company and/or that you have reviewed in an effort to learn how to drive safely and defensively.

<u>Your Information</u>

**REQUEST NO. 9:**  All documents setting forth the relationship between you and any employer for whom you were working at the time of the collision. This includes, but is not limited to all leases, employment contracts, and independent contract agreements and other contracts, agreements, memorandum and the like.

**REQUEST NO. 10:** A color copy of the front and back of every driver's license issued to you (regardless of name used).

**REQUEST NO. 11:** Copies of all citations, warnings, and other documents alleging that you violated any law, ordinance and/or regulation in the last five years.

**REQUEST NO. 12:** All documents of any kind that relate to any action (formal or informal) by any supervisor or manager or anyone working by or on behalf of your employer directed to you for the purpose of teaching, counseling, disciplining, correcting or otherwise managing you in any way relating to the safe operation of a commercial vehicle, 18-wheeler, or tractor-trailer.

**REQUEST NO. 13:** All documents relating in any way to any motor vehicle collision and/or accident of any kind in which you were involved in the past five (5) years.

**REQUEST NO. 14:** All documents relating to any complaint, criticism or concern raised by any person or entity regarding your driving performance and/or safety.  This should include, but is not limited to, customer complaints and call-ins by motorists either to a company directly or to any service (i.e., How's My Driving?  Call 800…).

**REQUEST NO. 15:** For each communication device (e.g., cell phones, PDAs, smartphones, texting and e-mailing devices, etc.) that was in the vehicle he was driving that you were operating at the time of the Subject Collision, produce all documents reflecting usage and billing for the time period time period beginning 12 hours before the Subject Collision and ending 24 hours after the Subject Collision.  This includes all devices, whether owned by you or not, and whether it was in use at the time of the Subject Collision or not.

**REQUEST NO. 16:** All correspondence and other communication of any kind between you and any third-party (other than your attorneys) evidencing to the Subject Collision.

**<u>SUBJECT COLLISION</u>**

**REQUEST NO. 17:** All documents in your possession, custody and/or control relating in any way to the Subject Collision.

**REQUEST NO. 18:** All documents sent by you to any person or entity (other than your attorneys), regarding the Subject Collision and/or describing the Subject Collision.

**REQUEST NO. 19:** All documents evidencing each investigation done by or on behalf of Defendant(s) evidencing to the Subject Collision of the Subject Collision.

**REQUEST NO. 20:** All documents that set forth any facts leading up to the Subject Collision.

**REQUEST NO. 21:** All documents that explain what caused the Subject Collision.

**REQUEST NO. 22:** All photographs, video, computer simulations, and any other documents depicting:

      a.     Any vehicle involved in the Subject Collision;

      b.     Any person involved in the Subject Collision;

      c.     The scene of the Subject Collision; and/or

      d.     Any evidence (roadway markings or other) relevant to the Subject Collision.

**REQUEST NO. 23:** All correspondence and other communications (including e-mail) that you have had with any person other than your lawyers involving the Subject Collision.

**REQUEST NO. 24:** All tapes and transcripts of conversations, interviews, statements, etc. of any witness, party or any other entity whatsoever regarding any aspect of the Subject Collision, the injuries or damages resulting therefrom, or this lawsuit.

<u>GOVERNMENTAL CONTACT AND INTERVENTION</u>

**REQUEST NO. 25:** Copies of all documents sent to or received from any governmental agency regarding the Subject Collision and/or your operation of a tractor-trailer or 18-wheeler within the past three years.

<u>MISCELLANEOUS</u>

**REQUEST NO. 26:** All documents and other materials, which support any contention that the Subject Collision was the fault of anyone other than the Defendants.

**REQUEST NO. 27:** All diagrams, graphs, illustrations, photographs, charts, pictures, models, blow-ups, or any other document or thing, including electronically created charts, animations, or data that depict the scene or surrounding areas of the Subject Collison or that recreate, explain or show how the Subject Collision may have occurred.

**REQUEST NO. 28:** All documents and things that you contend evidence, prove, and/or support your affirmative defenses and claims on any issue of negligence or causation or damages in this matter.

**REQUEST NO. 29:** If any surveillance has been undertaken by or on behalf of you, produce a copy of all reports, photographs, video and anything else generated through that investigation.

Served with the Complaint upon Defendant.

Respectfully submitted,

WLG ATLANTA, LLC

*/s/ Rob Loar*
ROB LOAR
GEORGIA STATE BAR NUMBER 602484
ATTORNEY FOR PLAINTIFFS

600 PEACHTREE STREET, NE, SUITE 4010
ATLANTA, GA 30308
TELEPHONE:  470-881-8804
FACSIMILE:   470-575-2792
E-MAIL:      ROB.LOAR@WITHERITELAW.COM

STATE COURT OF
DEKALB COUNTY, GA.
2/16/2022 3:56 PM
E-FILED
BY: Monica Gay

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

JANICE LESLIE;                          §
                                        §          CIVIL ACTION
         Plaintiff,                     §
                                        §
VS.                                     §          FILE NO. 22A00608
                                        §
ANTONIO SLOAN; AND P.A.M.               §
TRANSPORT, INC.;                        §
                                        §          JURY TRIAL DEMANDED
         Defendants.                    §

## PLAINTIFF JANICE LESLIE'S FIRST COMBINED SET OF WRITTEN DISCOVERY TO DEFENDANT P.A.M. TRANSPORT, INC. SERVED WITH THE COMPLAINT

COMES NOW PLAINTIFF Janice Leslie in the above-captioned lawsuit and

pursuant to O.C.G.A. §§ 9-11-33, 9-11-34 and 9-11-36 hereby propounds the following

First Request for Admissions, First Interrogatories and First Request for Production of

Documents to Defendant P.A.M. TRANSPORT, INC. for response under oath, pursuant

to the Georgia Civil Practice Act, for responses and production as provided by law.

## DEFINITIONS

As used herein, the terms listed below are defined as follows:

1. The term "**Document**" as used herein shall be given a very broad definition to

include every type of paper, writing, data, record, graphic, drawing, photograph, audio

recording and video recording.  The term includes material in all forms, including

printed, written, recorded, or other.  The term includes all files, records and data

contained in any computer system, computer component and/or computer storage (e.g.,

hard drive, disc, magnetic tape, backup system, etc.).  This term includes, but is not

limited to, correspondence, reports, meeting minutes, memoranda, stenographic or

handwritten notes, diaries, notebooks, account books, orders, invoices, statements,

PLAINTIFF JANICE LESLIE'S FIRST COMBINED SET OF WRITTEN DISCOVERY
TO DEFENDANT P.A.M. TRANSPORT, INC. SERVED WITH THE COMPLAINT – Page 1

STATE COURT (
DEKALB COUNTY, G
2/16/2022 3:56 F
E-FILE
BY: Monica G

bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, hard drive recordings, pictures, and voice recordings.  Plaintiffs expressly intend for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2.  "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3.  (a)    "**Identify**" with respect to any "**person**" or any reference to stating the "identity" of any "**person**" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b)    "**Identify**" with respect to any "**document**" or any reference to stating the "identification" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and

address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

4. "Similar" shall have the meaning given in the American Heritage Dictionary, which is "showing some resemblance; related in appearance or nature; alike but not identical." As used here, the word "similar" shall not be limited as if modified by the word "substantially" and shall not mean "the same". If you limit the information provided because you use another interpretation of the word "similar," please state the interpretation you are using and reveal the nature of the information withheld.

5. The terms "and" as well as "or" shall be each construed conjunctively and disjunctively as necessary to bring within the scope of each interrogatory and request for documents all information and documents that might otherwise be construed to be outside its scope. The term "and/or" shall be construed likewise.

6. Whenever necessary to bring within the scope of an interrogatory or request for production of documents any information or document that might otherwise be construed to be outside its scope: (i) the use of a verb in any tense shall be construed as the use of the verb in all other tenses; (ii) the use of the singular shall be construed as the use of the plural and vice versa; and (iii) "any" includes "all," and "all" includes "any."

7. With regard to any term used herein that is deemed by the responding party as being ambiguous or vague, a term shall be construed in its broadest sense to encompass all reasonable definitions of that term.

8. "Subject Collision" means the collision described in the Complaint.

**PLAINTIFF JANICE LESLIE'S FIRST COMBINED SET OF WRITTEN DISCOVERY TO DEFENDANT P.A.M. TRANSPORT, INC. SERVED WITH THE COMPLAINT – Page 3**

9.  "**P.A.M. TRANSPORT, INC.**" "**You**", "**Your**," or "**Yours**" means Defendant P.A.M. Transport, Inc.

10. "**ANTONIO SLOAN**" as used herein refers to and means Defendant Driver Antonio Sloan.

### O.C.G.A. § 9-11-36 REQUESTS FOR ADMISSION

**REQUEST NO. 1**     At the time of the Subject Collision, Antonio Sloan was an agent of P.A.M Transport, Inc.

**REQUEST NO. 2**     At the time of the Subject Collision, Antonio Sloan was an employee of P.A.M. Transport, Inc.

**REQUEST NO. 3**     At the time of the Subject Collision, Antonio Sloan was acting within the course and scope of his employment or agency with P.A.M Transport, Inc.

**REQUEST NO. 4**     At the time of the Subject Collision, Antonio Sloan was operating the 18-wheeler owned by P.A.M Transport, Inc.

**REQUEST NO. 5**     At the time of the Subject Collision, Antonio Sloan was operating the 18-wheeler with the permission of P.A.M Transport, Inc.

**REQUEST NO. 6**     At the time of the Subject Collision, Antonio Sloan was operating the 18-wheeler with the knowledge of P.A.M Transport, Inc.

**REQUEST NO. 7**     At the time of the Subject Collision, Antonio Sloan was operating the 18-wheeler as trained by P.A.M Transport, Inc.

**REQUEST NO. 8**     P.A.M Transport, Inc.'s corporate name was properly stated in the Complaint.

**REQUEST NO. 9**     Venue is proper in this Court.

**REQUEST NO. 10**   Jurisdiction is proper in this Court.

**REQUEST NO. 11**   Service of process upon P.A.M Transport, Inc. in this civil action was proper.

**REQUEST NO. 12**   Service of process upon P.A.M Transport, Inc. in this civil action was legally sufficient.

**REQUEST NO. 13**   At the time of the collision described in this Complaint, Antonio Sloan was responsible for the safe and reasonable operation of a tractor-trailer over the public roadways within and throughout the State of Georgia.

**REQUEST NO. 14**   At the time of the collision described in this Complaint, Defendant P.A.M Transport, Inc. owned the tractor-trailer that was being operated by Defendant Antonio Sloan.

**REQUEST NO. 15**   At the time of the collision described in this Complaint, Defendant Antonio Sloan was operating a tractor-trailer over the public roadways in Georgia.

**REQUEST NO. 16**   At all times material to this Complaint, P.A.M Transport, Inc. was registered with the United States Department of Transportation's Federal Motor Carrier Safety Administration as an interstate motor carrier.

**REQUEST NO. 17**   At all times material hereto, P.A.M Transport, Inc. was subject to the Federal Motor Carrier Safety Regulations and all subsequent amendments thereto, promulgated, approved, and adopted by the United States Department of Transportation contained in Title 49 of the Code of Federal Regulations.

**REQUEST NO. 18**   At the time of the collision described in this Complaint, Antonio Sloan was operating a tractor-trailer in the furtherance of Defendant P.A.M Transport, Inc.'s business.

**REQUEST NO. 19**    At the time of the collision described in this Complaint, Antonio Sloan was responsible for the safe and reasonable operation of a tractor-trailer over the public roadways within and throughout the State of Georgia.

**REQUEST NO. 20**    At the time of the collision described in this Complaint, Defendant Antonio Sloan was acting within the course and scope of his employment with Defendant P.A.M Transport, Inc.

**REQUEST NO. 21**    At the time of the collision described in this Complaint, Defendant Antonio Sloan was acting within the course and scope of his agency with Defendant P.A.M Transport, Inc.

**REQUEST NO. 22**    On February 21, 2021, at approximately 4:00 p.m., Plaintiff Janice Leslie was operating her vehicle traveling southbound on Bouldercrest Road in the right lane.

**REQUEST NO. 23**    On February 21, 2021, at approximately 4:00 p.m., Defendant Antonio Sloan was operating his tractor trailer traveling southbound, owned by Defendant P.A.M Transport, Inc. in the far right lane.

**REQUEST NO. 24**    On February 21, 2021, at approximately 4:00 p.m., Defendant Antonio Sloan made an unsafe lane change into Plaintiff's lane and collided hard with the passenger side of Plaintiff's vehicle.

**REQUEST NO. 26**    The force of the collision caused Plaintiff to suffer injuries and damages.

**REQUEST NO. 27**    The collision caused Plaintiff to suffer injuries and damages.

**REQUEST NO. 28**    Defendant P.A.M Transport, Inc. conducted its own investigation into the cause of the subject collision.

**REQUEST NO. 29**   Defendant P.A.M Transport, Inc. concluded that Defendant Antonio Sloan was the sole cause of the subject collision.

**REQUEST NO. 30**   Following the collision described in this Complaint, Defendant P.A.M Transport, Inc. disciplined Defendant Antonio Sloan.

**REQUEST NO. 31**   Defendant P.A.M Transport, Inc.  and/or its driver are 100% at fault for causing the subject collision.

**REQUEST NO. 32**   No act or failure to act on the part of the Plaintiff caused or contributed to the cause of the subject collision described in this Complaint.

**REQUEST NO. 33**   No act or failure to act on the part of any third party caused or contributed to the cause of the subject collision.

**REQUEST NO. 34**   No act or failure to act on the part of any third party caused or contributed to the cause of the subject collision.

**REQUEST NO. 35**   No act or failure to act on the part of Plaintiff caused or contributed to Plaintiff's claimed injuries or damages.

**REQUEST NO. 36**   No act or failure to act on the part of any third party caused or contributed to the cause of the subject collision.

**REQUEST NO. 37**   Plaintiff was an innocent victim in the subject collision described in her Complaint.

**REQUEST NO. 38**   Defendant P.A.M Transport, Inc. agrees that Defendants should fairly compensate Plaintiff for all injuries and damages that are shown to have been more likely than not caused by the subject collision.

**REQUEST NO. 39**   Defendant Antonio Sloan agrees that Defendants should fairly compensate Plaintiff for all injuries and damages that are shown to have been more likely than not caused by the subject collision.

**REQUEST NO. 40**   Plaintiff did suffer injuries, damages, and losses as a result of the collision described in her Complaint.

### O.C.G.A. § 9-11-33 INTERROGATORIES

**INTERROGATORY NO. 1**   If you contend that Plaintiff has sued the wrong party or that your name is incorrectly stated in this lawsuit, please explain the basis for your contention and identify the correct legal entity for the correct party in interest to this suit.

**INTERROGATORY NO. 2**   For each liability insurance policy that you had in place at the time of the Subject Collision, state the name of insurer; the policy number; the limits of coverage; the name(s) of all insureds; and whether any insurer has offered a defense under a reservation of rights or otherwise contested coverage for the subject case. Please note that this interrogatory is requesting information relating to ALL insurance coverage including excess coverage.

**INTERROGATORY NO. 3**   Please provide the weight of the subject tractor-trailer at the time of the Subject Collision.

**INTERROGATORY NO. 4**   Explain the relationship between Defendant P.A.M Transport, Inc. and Defendant Driver Antonio Sloan at the time of the Subject Collision including his employment status (e.g., leased driver, company driver, etc.), how he was compensated for driving (e.g., by the hour, by the load, by the mile, salary, or other) and when the relationship began and ended.

**INTERROGATORY NO. 5**   If you maintain that Defendant Driver Antonio Sloan was not acting within the course and scope of his employment or agency at the time of the Subject Collision, explain the basis for your contention and identify documents and witnesses that support your contention.

**INTERROGATORY NO. 6**   Identify and explain all communications of any kind between Defendant Driver Antonio Sloan and anyone acting for or on behalf of Defendant P.A.M Transport, Inc. during the twenty-four (24) hours <u>before</u> and <u>after</u> the Subject Collision. For each communication, identify the method of communication (cell phone, QualComm, other), time of communication, persons involved, and the general subject.

**INTERROGATORY NO. 7**   Identify all Defendant P.A.M Transport, Inc.'s policies, procedures, rules, guidelines, directives, manuals, handbooks and instructions that were in effect for Defendant Driver Antonio Sloan at the time of the Subject Collision, that dealt with or addressed defensive and/or safe driving practices and procedures.

**INTERROGATORY NO. 8**   Identify all Defendant P.A.M Transport, Inc.'s policies, procedures, rules, guidelines, directives, manuals, handbooks and instructions and training applicable to Defendant Driver Antonio Sloan regarding safe and defensive driving practices and procedures.

**INTERROGATORY NO. 9**   Describe in detail when and how you first became aware that Defendant Driver Antonio Sloan was involved in the Subject Collision including in your answer the identity of all persons involved in the investigation of the Subject Collision, their role and position and what information was conveyed.

**INTERROGATORY NO. 10**   State whether you maintain that Plaintiff, or any non-party has any responsibility of any kind for causing the Subject Collision and/or the injuries

and damages alleged in the Complaint and provide a detailed description of the basis

for your position, including the identity of all person(s) who have any knowledge

regarding this issue and/or all documents evidencing your position.

**INTERROGATORY NO. 11**   Identify all persons who to your knowledge were present at

the scene of the Subject Collision at any time in the forty-eight (48) hours after the

Subject Collision and explain their role, why they were at the scene and what actions

they took.

**INTERROGATORY NO. 12**   Identify all person(s) who you to your knowledge have or

may have any relevant information regarding: the Subject Collision; the facts leading up

to the Subject Collision; the investigation of the Subject Collision; any party to this

action; any vehicles involved in the Subject Collision; and/or any claims or defenses

raised in this action.  The purpose of this Interrogatory is to identify all witnesses whom

Defendant P.A.M Transport, Inc. believes may have relevant testimony of any kind in

connection with this case.

**INTERROGATORY NO. 13**   Identify all photographs, motion pictures, maps, plats,

drawings, diagrams, videotapes, or other tangible or documentary evidence depicting

the scene of the Subject Collision and/or any person or vehicle involved in the Subject

Collision.

**INTERROGATORY NO. 14**   Did Defendant P.A.M Transport, Inc. make any effort to

perform any accident review, any avoidable/non-avoidable accident determination, any

root cause analysis, any DOT reportability determination or any type of investigation or

analysis to discover the cause(s) or contributing cause(s) of the Subject Collision and/or

to evaluate whether your driver should be disciplined for any action or inactions related

to the Subject Collision? If so, please identify all person(s) involved, all documents and information reviewed, and all determinations.

**INTERROGATORY NO. 15**   Identify each person Defendant P.A.M Transport, Inc. expects to call as an expert witness at trial including in your response a summary of each opinion the expert holds in regards to this case, the factual basis for each such opinion, a list of all documents and evidence of any kind provided to the expert for review and a list of all documents and evidence of any kind that support each opinion.

**INTERROGATORY NO. 16**   Identify each person who was involved in responding to each of the Requests for Admission served upon you in this civil action.

**INTERROGATORY NO. 17**   Identify each person who provided information to the person verifying these interrogatory responses to be used or potentially used in answering the interrogatories.

**INTERROGATORY NO. 18**   For each of Plaintiff' First Request for Admissions to Defendant P.A.M Transport, Inc. that you did not admit without qualification, explain in detail the reason for your refusal to admit and identify all persons and documents that support your response.

### O.C.G.A. § 9-11-34 DOCUMENT REQUESTS

**REQUEST NO. 1:**   A copy of each document utilized by you in any way in responding to Plaintiff's First Interrogatories to Defendant P.A.M Transport, Inc.

**REQUEST NO. 2:**   A copy of each document retention policy in effect for P.A.M Transport, Inc. at any time between the time of the Subject Incident and present.

**REQUEST NO. 3:**   A copy of each insurance policy (and declarations page for each policy) that provides or may provide coverage for damages sustained in the Subject Incident.

**REQUEST NO. 4:**   Copies of all reservation of rights letters and/or agreements regarding insurance coverage for the Subject Incident.

<u>DRIVER</u>

**REQUEST NO. 5:**   All documents setting forth the relationship between Antonio Sloan and P.A.M Transport, Inc. This includes, but is not limited to, all leases, employment contracts, and independent contractor agreements and other contracts, agreements, memorandum, and the like.

**REQUEST NO. 6:**   The contents of Antonio Sloan's driver qualification file, driver investigation file, driver history file, and all documents that demonstrate compliance with federal and state driver qualification laws and regulations. The requested documents include, but are not limited to, all documents required by FMCSR, 49 CFR Part 391, and the state equivalent thereto. If any responsive documents have been removed from the driver qualification file, these should be produced nonetheless.

**REQUEST NO. 7:**   All documents of any kind that relate to any pre-employment background investigation of Antonio Sloan, including without limitation any investigation of Antonio Sloan's qualifications, character, driving history, training, criminal history, drug use, financial responsibility, medical conditions, health conditions, and/or any other matter relevant to employment with P.A.M Transport, Inc. This specifically includes all data and information obtained through FMCSA's Pre-Employment Screening Program.

**REQUEST NO. 8:** All documents that relate in any way to your recruiting of Antonio Sloan.

**REQUEST NO. 9:** All documents that relate in any way to you hiring Antonio Sloan.

**REQUEST NO. 10:** All documents that relate in any way to any orientation provided by P.A.M Transport, Inc. to Antonio Sloan.

**REQUEST NO. 11:** All documents that relate in any way to training of Antonio Sloan. This includes, but is not limited to, all documents that show all training received by Antonio Sloan, when, where, and who provided the training, and all materials used for training.

**REQUEST NO. 12:** All quizzes, tests, and/or other assessments (questions and answers) ever given by or on behalf of P.A.M Transport, Inc. to Antonio Sloan at any time. An answer key should also be provided.

**REQUEST NO. 13:** Copies of all documents (a) explaining how Antonio Sloan was compensated for the one (1) month leading up to and including the date of the Subject Incident and extending one (1) week after the date of the Subject Incident; and (b) showing any detention of wages over the same time-period.

**REQUEST NO. 14:** A copy of the front and back of every driver's license issued to Antonio Sloan (regardless of name used) in your possession, custody, and/or control.

**REQUEST NO. 15:** All documents placing you on notice of any violation by Antonio Sloan of any law, ordinance, or regulation. This includes, but is not limited to, reports of violations pursuant to Section 391.27(a) of the Federal Motor Carrier Safety Regulations, as well as copies of citations, warnings, and inspection reports.

**REQUEST NO. 16:** All documents relating to any and all blood, urine, hair, or other type of drug or alcohol testing of Antonio Sloan in your possession, custody, and/or control.

**REQUEST NO. 17:** A copy of all documents relating to any violation of any safety rule or principle by Antonio Sloan at any time.

**REQUEST NO. 18:** All documents of any kind that relate to any action (formal or informal) by any supervisor or manager or anyone working by or on behalf of P.A.M Transport, Inc. directed to Antonio Sloan for the purpose of teaching, counseling, disciplining, correcting, or otherwise managing Antonio Sloan in any way relating to the safe operation of a commercial vehicle. This includes, but is not limited to, all disciplinary actions and the contents of all disciplinary folders or files of any kind by whatever name called.

**REQUEST NO. 19:** A copy of all documents in your possession relating in any way to any motor vehicle collision and/or accident of any kind in which Antonio Sloan has been involved.

**REQUEST NO. 20:** Copies of all documents relating to any complaint, criticism, or concern raised by any person or entity regarding the driving performance and/or safety of Antonio Sloan. This should include, but is not limited to, customer complaints and call-ins by motorists either to company directly or to any service (i.e., How's My Driving? Call 800…).

**REQUEST NO. 21:** For each communication device (e.g., cell phones, PDAs, smartphones, texting, and e-mailing devices, etc.) that was in the vehicle that Antonio Sloan was operating at the time of the Subject Incident, produce all documents reflecting usage and billing for the time-period beginning forty-eight (48) hours before

the Subject Incident and ending forty-eight (48) hours after the Subject Incident. This

includes all devices, whether owned by Antonio Sloan or not, and whether it was in use

at the time of the Subject Incident or not.

**REQUEST NO. 22:** Copies of all documents prepared by Antonio Sloan that describe

the Subject Incident or the circumstances leading up to the Subject Incident.

**REQUEST NO. 23:** All documents evidencing any evaluation of the driving abilities,

safety, and/or performance of Antonio Sloan that have not been produced in response

to the preceding requests.

**REQUEST NO. 24:** A complete copy of the contents of each and every file (whether

maintained physically or electronically), regardless of what the file is called, regarding or

addressing Antonio Sloan in any way, that has not been produced in response to other

requests above.

### HOURS OF SERVICE-RELATED DOCUMENTS

**REQUEST NO. 25:** A copy of all Antonio Sloan's hours of service logs and any other

driving logs and/or time sheets for the period beginning one-hundred-eighty (180) days

before the Subject Incident and ending seven (7) days following the Subject Incident.

**REQUEST NO. 26:** In addition to the documents responsive to the preceding request,

produce all documents in your possession, custody, or control that demonstrate what

Antonio Sloan was doing for the time-period beginning fourteen (14) days before the

Subject Incident and ending two (2) days (2) following the Subject Incident. The

requested documents include all documents that a motor carrier division officer might

use to audit the logs of this driver, including, but not but are not limited to:

a.     All documents evidencing hours of service not produced above (e.g., daily logs and time sheets as well as log audits and letters regarding hours of service);

b.     All documents that could be used to check the accuracy of Hours of Service logs and/or time sheets;

c.     All documents related to trips (including driver's trip envelopes, trip reports, work reports, bills of lading, manifests, cargo documents of any kind, load documents of any kind, loading and unloading records of any kind, load detention records of any kind, freight bills, pick-up and delivery records of any kind, directions (e.g., routes to take), instructions (delivery notes, times, special handling), driver's trip check and settlement sheets, dispatch records, mileage reports, weight and scale records, and receipts for fuel, food, tolls, lodging, permits, repairs, and/or other purchases and expenses of any kind whether reimbursable or not, final trip accounting documents and printouts, as well as any and all reports and/or summaries of any kind referencing the above information);

d.     All documents evidencing any and all stops; and

e.     All driver call in reports and any other documentation of any communications between you and Antonio Sloan.

**PLEASE NOTE – NOTHING IN THIS REQUEST SHOULD BE READ TO MEAN THAT PLAINTIFF IS NOT INTERESTED IN DEFENDANT MANTAINING ALL INFORMATION REGARDING ALL COMMERCIAL DRIVING ACTIVITIES FOR SIX MONTHS PRECEDING THE INCIDENT AT ISSUE AND SINCE THE INCIDENT AT ISSUE.  THESE MATERIALS SHOULD BE RETAINED IN THE EVENT THEY ARE REQUESTED.**

**REQUEST NO. 27:** A copy of all audits and summaries of Antonio Sloan's hours of service covering the period beginning one (1) year prior to the Subject Incident and ending fourteen (14) days following the Subject Incident.

<u>VEHICLE INFORMATION</u>

**REQUEST NO. 28:** For the vehicle involved in the Subject Incident, produce the following documents:

     a.    Title;

     b.    Registration;

     c.    Operators manual;

     d.    Maintenance Schedules;

     e.    All documents evidencing maintenance performed on the vehicle at any time within six (6) months before the Subject Incident;

     f.    All documents evidencing any inspections of the vehicle during the six (6) months before the Subject Incident;

     g.    All documents evidencing any repairs and/or modifications to the vehicle at any time within six (6) months before the Subject Incident;

     h.    All documents evidencing any repairs made to the vehicle as a result of the Subject collision (including insurance submissions);

     i.    All leases involving the vehicle;

     j.    Documents evidencing the purchase of the vehicle;

     k.    Documents evidencing the sale of the vehicle if it has been sold;

     l.    Documents evidencing mileage and weight at time of the Subject Incident; and

m.    Copies of each and every logbook, ledger, file, or the like maintained for

any reason regarding the vehicle.

**REQUEST NO. 29:** If any data is available (whether or not downloaded or retrieved)

from the vehicle or any part or system from the vehicle (e.g., engine control module

(ECM), event data recorder (EDR), Sensing Diagnostic Module (SDM), drive-train or

transmission control unit, power steering unit, airbag module, ABS or other brake

system, or any EOBR), please produce both the printout of the data and the data file in

its original format. This request is intended to cover data for as long as it was recorded

before during and after the Subject Incident.

**REQUEST NO. 30:** If the vehicle at issue was equipped with a lane departure warning

system or collision warning system (e.g., VORAD), please produce the printout of the

downloaded data and to the degree possible produce the data file in its original format.

**REQUEST NO. 31:** Produce copies of all e-mails between Antonio Sloan and P.A.M

Transport, Inc. for the time-period beginning ninety (90) days prior to the Subject

Incident and present.

**REQUEST NO. 32:** Produce copies of all communications and transmissions between

Antonio Sloan and P.A.M Transport, Inc. that were transmitted through any system on-

board of the vehicle involved in the Subject Incident for the period beginning thirty (30)

days before the Subject Incident and ending seven (7) days after the Subject Incident.

This includes any and all satellite or cellular systems, regardless of manufacturer, and

includes, without limitation, all electronic on-board recorders (EOBRs) and system such

as those made available by Qualcomm, TransCore, SkyBitz, Fluensee, Fleetilla,

Teletrac, Lat-Lon, Telogis, GeoLogic, Cheetah, Xata, PeopleNet, and other

transportation service and product providers.

**REQUEST NO. 33:** If the vehicle was equipped with any on-board audio or video

recording or monitoring devices and/or any other driver or driver safety monitoring

system, please produce everything that was retrieved or could be retrieved from such

devices and systems.

**REQUEST NO. 34:** To the degree that it has not been produced in response to other

requests above, produce all data of any kind that was recovered from the vehicle or

anything inside or connected to any part or system of the vehicle that was involved in

the Subject Incident.

**REQUEST NO. 35:** A copy of each out of service report or violation concerning the

vehicle involved in the Subject Incident from the period beginning one (1) year prior to

the Subject Incident through present. This request includes any supplements,

responses, amendments, and dispositions regarding any violation.

**REQUEST NO. 36:** Produce all documents evidencing damage to any vehicle or other

property as a result of the Subject Incident, including, but not limited to, repair

estimates, appraisals, purchase invoices, repair bills, and checks or drafts reflecting

payment for repair or replacement, and any other documents concerning or establishing

the value of any item of property before or after the Subject Incident.

**REQUEST NO. 37:** Produce all documents given to any person or entity, including any

insurance company in return for payment in whole or in part for property damage, e.g.,

loan receipt(s), release(s), assignment(s), etc.

**REQUEST NO. 38:** For the vehicle involved in the Subject Incident, produce all the Driver Vehicle Inspection Reports (DVIR) from the period beginning six (6) months before the Subject Incident and ending one (1) week after the Subject Incident.

**REQUEST NO. 39:** Produce all pre-trip inspection reports for the trip in question and three (3) months prior to the date of the Subject Incident for the vehicle.

### LOAD

**REQUEST NO. 40:** All documents that relate to the load being hauled by Antonio Sloan at the time of the Subject Incident, including, by way of example and without limitation, all manifests, bills of lading, weight receipts, dispatch documents, content summaries, and documents that address the contents, ownership, pick-up, detainment, and delivery of the load.

### SUBJECT INCIDENT

**REQUEST NO. 41:** A copy of every document related to any investigation done by or on behalf of P.A.M Transport, Inc. of the scene of the Subject Incident.

**REQUEST NO. 42:** All documents authored by anyone working for or on behalf of P.A.M Transport, Inc. that set forth any facts relating to the Subject Incident.

**REQUEST NO. 43:** All documents that explain what caused the Subject Incident.

**REQUEST NO. 44:** All documents assessing preventability of and/or fault for the Subject Incident.

**REQUEST NO. 45:** If the scene of the Subject Incident was mapped (with a total station or other survey equipment) within fourteen (14) days of the Subject Incident, please produce a copy of the survey data files and all diagrams produced therefrom.

**REQUEST NO. 46:** Copies of all photographs, video, computer simulations, and any other documents depicting:

     a.     Any vehicle involved in the Subject Incident;

     b.     Any person involved in the Subject Incident;

     c.     The scene of the Subject Incident; and/or

     d.     Any evidence (roadway markings or other) relevant to the Subject Incident.

**REQUEST NO. 47:** Copies of all reports (you know what this means and it is not vague) relating to the Subject Incident including those prepared by Antonio Sloan and those prepared by anyone working for or on behalf of P.A.M Transport, Inc. (except lawyers).

**REQUEST NO. 48:** A copy of all correspondence and other communications (including e-mail) that you have had with any person other than your lawyer involving the Subject Incident.

**REQUEST NO. 49:** All tapes and transcripts of conversations, interviews, and/or statements of any person who purports to know any facts or circumstances relevant to the issues of liability, comparative fault, causation, and/or damages in this case.

**REQUEST NO. 50:** If an Accident Review Board or similar entity reviewed the Subject Incident, produce the following:

     a.     A copy of all documents (as defined) and other materials of any kind reviewed by said board or entity;

     b.     A copy of all reports and documents (as defined) of any kind generated by said board or entity;

     c.     Documents evidencing who was on the board;

d.      Documents evidencing all criteria for review; and

e.      Determination of preventability and all other conclusions reached by said

board or entity.

### GOVERNMENTAL CONTACT AND INTERVENTION

**REQUEST NO. 51:** Copies of all documents sent to or received from any governmental

agency regarding the Subject Incident, the driver involved in the Subject Incident, or any

subject that is part of the basis of this lawsuit.

**REQUEST NO. 52:** Copy of all documents and communications of any kind related to

any CSA Intervention against your company in the past two (2) years.

### POLICY AND PROCEDURES

**REQUEST NO. 53:** Copies of all P.A.M Transport, Inc. policies, procedures, rules,

guidelines, directives, manuals, handbooks, and instructions that were in effect at the

time of the Subject Incident, relating to:

a.      Working for or with trucking company generally (e.g., employee manual or

handbook);

b.      Operation of any motor vehicle (e.g., driving manuals or handbooks, and

the like);

c.      Operation of a 18-wheeler;

d.      Driving safety;

e.      Defensive driving;

f.      Compliance with federal and state laws and regulations;

g.      Accident investigation;

h.      Accident review boards;

    i.      Determination of preventability of accidents;

    j.      Hiring, training, and supervising drivers; and

    k.     Disciplinary actions.

**REQUEST NO. 54:** Copies of each document that Antonio Sloan signed to prove that Antonio Sloan received and/or agreed to be bound by any policies, procedures, rules, guidelines, and/or standards of P.A.M Transport, Inc.

**REQUEST NO. 55:** To the degree that P.A.M Transport, Inc. has any rules, policies, procedures, guidelines, driving manuals, employee handbooks, or manuals, or other similar documents that were not provided to Antonio Sloan before the Subject Incident, please produce them now.

**REQUEST NO. 56:** A complete copy of, or in the alternative, access to, each driver safety training film, video, videotape, videocassette, audio cassette, computer program, simulator, driver diagnostic record, or test, maintained by your company, or used by P.A.M Transport, Inc., its personnel, agents, or employees during the year of the Subject Incident and three (3) years prior.

**REQUEST NO. 57:** Copies of all industry and/or other guidelines and/or practices that you rely upon to support your contentions in this case.

<u>**COMPANY**</u>

**REQUEST NO. 58:** Copy of documents showing the hierarchy of managerial positions at P.A.M Transport, Inc. and who occupied such positions as of the time of the Subject Incident and presently.

**REQUEST NO. 59:** A copy of each document (including articles and presentations) prepared and/or presented by any P.A.M Transport, Inc. representative relating to the

safe operation of a tractor-trailer and/or the safe operation of a trucking company in the past five (5) years.

**REQUEST NO. 60:** All company newsletters distributed during the time-period beginning two (2) years before the Subject Incident and present.

**REQUEST NO. 61:** A copy of all lease and trip lease contracts applicable to Antonio Sloan and/or any vehicle involved in the Subject Incident.

**REQUEST NO. 62:** Copies of any contract under which your company was operating the 18-wheeler in question at the time of the Subject Incident.

**REQUEST NO. 63:** A copy of P.A.M Transport, Inc.'s accident register maintained as required by 49 CFR § 390.35.

**REQUEST NO. 64:** Transcripts or recordings of all depositions of corporate designees for P.A.M Transport, Inc. given in the past five (5) years in cases where it was alleged that a driver working for P.A.M Transport, Inc. caused injury or death to another person.

**REQUEST NO. 65:** Copies of all documents putting any third party on notice of a claim arising from the Subject Incident.

**REQUEST NO. 66:** All correspondence and other communication of any kind between you and any other defendant to this Action.

<u>**MISCELLANEOUS**</u>

**REQUEST NO. 67:** With respect to each expert witness who may provide testimony at the trial of this case, provide:

    a.    A copy of all documents (as that term is defined above) and items of any kind produced <u>to</u> said expert;

b.  A copy of all documents (as that term is defined above) and items of any kind generated or produced **by** said expert;

c.  A copy of the entire file of said expert;

d.  A current résumé or curriculum vitae for said expert; and

e.  All billing records and work logs for said expert.

**REQUEST NO. 68:** A copy of any and all documents and other materials which support any contention that the Subject Incident was the fault of anyone other than the Defendants.

**REQUEST NO. 69:** Copies of all diagrams, graphs, illustrations, photographs, charts, pictures, models, blow-ups, or any other document or thing, including electronically created charts, animations, or data that you intend to utilize as an exhibit, demonstrative exhibit, or aid in the trial of this case not previously supplied.

**REQUEST NO. 70:** Produce each document or thing that you contend is evidence, proof, or support of your claims on any issue of negligence or causation as to the Subject Incident, including, but not limited to, admissions of fault, engineering analysis, scientific tests, and official or unofficial reports.

**REQUEST NO. 71:** Produce each document or thing that you contend evidences or supports your denial of any of Plaintiffs' Requests for Admissions.

**REQUEST NO. 72:** If any surveillance has been undertaken by or on behalf of P.A.M Transport, Inc., produce a copy of all reports, photographs, video, and anything else generated through that investigation.

Served with the Complaint upon Defendant.

Respectfully submitted,

WLG ATLANTA, LLC

*/s/ Rob Loar*
ROB LOAR
GEORGIA STATE BAR NUMBER 602484
ATTORNEY FOR PLAINTIFFS

600 PEACHTREE STREET, NE, SUITE 4010
ATLANTA, GA 30308
TELEPHONE:  470-881-8804
FACSIMILE:   470-575-2792
E-MAIL:       ROB.LOAR@WITHERITELAW.COM

STATE COURT OF
DEKALB COUNTY, GA.
2/16/2022 3:56 PM
E-FILED
BY: Monica Gay

22A00608

No. _____

Date Summons Issued and Filed
2/16/2022
/s/ Monica Gay

_____
Deputy Clerk

Deposit Paid $ _____

[ ]   **ANSWER**

[ ]   **JURY**

**STATE COURT OF DEKALB COUNTY**
**GEORGIA, DEKALB COUNTY**

**SUMMONS**

JANICE LESLIE

600 PEACHTREE STREET, NE, SUITE 4010 ATLANTA, GA 30308

(Plaintiff's name and address)

**vs.**

ANTONIO SLOAN

1904 Republic Drive, Dayton, OH 45414

(Defendant's name and address)

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

Robert Loar
_____
(Name)

Bank of America Plaza 600 Peachtree Street NE, Suite 4010 Atl GA 30308
_____
(Address)

214.378.6665                                    602484
_____
(Phone Number)                               (Georgia Bar No.)

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. (Plus cost of this action.)

Defendant's Attorney

Address

Phone No.            Georgia Bar No.

Third Party Attorney

Address

Phone No.            Georgia Bar No.

**TYPE OF SUIT**

☐ Account          ✔ Personal Injury
☐ Contract         ☐ Medical Malpractice
☐ Note             ☐ Legal Malpractice
☐ Trover           ☐ Product Liability
                   ☐ Other

Principal        $ _____

Interest         $ _____

Atty Fees        $ _____

☐ Transferred From _____

**(Attach BLUE to Original and WHITE to Service Copy of complaint)**

STATE COURT
DEKALB COUNTY, (
2/16/2022 3:56
E-FIL

**AFFIDAVIT OF SERVICE**

| Case: | Court: | | County: | Job: |
|---|---|---|---|---|
| 22A00608 | Dekalb County State Court, State of Georgia | | DeKalb, GA | 6705819 |
| Plaintiff / Petitioner: | | | Defendant / Respondent: | |
| Janice Leslie | | | Antonio Sloan; and P.A.M. Transport, Inc | |
| Received by: | | | For: | |
| CGA Solutions | | | Witherite Law Group, LLC | |
| To be served upon: | | | | |
| P.A.M. Transport Inc c/o Roger & Cates PC, Registered Agent | | | | |

I, Thomas David Gibbs III, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**  David Lee Cates, 2300 Henderson Mill Rd NE Suite 312, Atlanta, GA 30345-0002

**Manner of Service:**  Registered Agent, Feb 18, 2022, 11:27 am EST

**Documents:**  Summons, Complaint for Damages, Plaintiff Janice Leslie's First Combined Set of Written Discovery to Defendant P.A.M. Transport, Inc. Served with The Complaint (Received Feb 17, 2022 at 11:12am EST)

**Additional Comments:**
1) Successful Attempt: Feb 18, 2022, 11:27 am EST at 2300 Henderson Mill Rd NE Suite 312, Atlanta, GA 30345-0002 received by David Lee Cates. Age: 60-65; Ethnicity: Caucasian; Gender: Male; Weight: 190; Height: 6'; Hair: Gray;

_Subscribed and sworn to before me by the affiant who is personally known to me._

| | |
|---|---|
| Thomas David Gibbs III     Date  2/16/22 | Notary Public |
| | Date  2/18/22     Commission Expires  12/27/2024 |

CGA Solutions
723 Main Street
Stone Mountain, GA 30083
866-217-8581

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

RE:   Permanent Process Servers

### STANDING ORDER

Pursuant to O.C.G.A. § 9-11-4 (c), this Court provides herein that any person who
has completed the application process for appointment as a permanent process
server in the Superior Court of DeKalb County for 2022, and has been appointed as
a permanent process server in said Court for 2022, shall be deemed to be appointed
as a permanent process sever in the State Court of DeKalb County.   Permanent
process servers wishing to rely upon this order shall be required to attach a copy of their
Superior Court order of appointment to any affidavit of service that is required to be filed
with the Court.   All appointments arising pursuant to this order shall be effective until
midnight, December 31, 2022.

SO ORDERED THIS __10__ day of December 2021.

Wayne M. Purdom, Chief Judge
State Court of DeKalb County

FILED IN THIS OFFICE
THIS 10th DAY OF December 20 21
Antyone N. Smith
Clerk, State Court, DeKalb County

FILED 1/3/2022 4:02 PM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA

## IN THE SUPERIOR COURT OF DEKALB COUNTY
### STATE OF GEORGIA

IN RE:

MOTION FOR APPOINTMENT AS :     CIVIL ACTION FILE NUMBER:
PERMANENT PROCESS SERVER : 
                                    :              22MPR1005
                                    :
                                    :

PURSUANT TO O.C.G.A. §9-11-4(c)

### ORDER APPOINTING PERMANENT PROCESS SERVER
### FOR CALENDAR YEAR 2022

      The foregoing motion having been read and considered, it is HEREBY ORDERED that the following individual(s) is/are appointed as a permanent process server pursuant to O.C.G.A. §9-11-4(c):

                **Sherry Boateng**
                **Rochelle Earthrise**
                **Thomas David Gibbs III**

      This appointment shall be effective until midnight December 31, 2022.

      IT IS SO ORDERED this 10TH of DECEMBER 2021.

                                  _____
                                  Honorable Asha F. Jackson
                                  Chief and Administrative Judge
                                  Superior Court of DeKalb County
                                  Stone Mountain Judicial Circuit

# AFFIDAVIT OF SERVICE

| Case:<br>22A00608 | Court:<br>Dekalb County State Court, State of Georgia | County:<br>DeKalb, GA | Job:<br>6705819 |
|---|---|---|---|
| Plaintiff / Petitioner:<br>Janice Leslie | | Defendant / Respondent:<br>Antonio Sloan; and P.A.M. Transport, Inc | |
| Received by:<br>CGA Solutions | | For:<br>Witherite Law Group, LLC | |
| To be served upon:<br>Antonio Sloan | | | |

I, Dale Dorning, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**  Antonio Sloan, 1904 Republic Dr, Dayton, OH 45414-5714

**Manner of Service:**  Personal/Individual, Mar 1, 2022, 6:45 pm EST

**Documents:**  Summons, Complaint for Damages, Plaintiff Janice Leslie's First Combined Set of Written Discovery to Defendant Driver Antonio Sloan Served with The Complaint (Received Feb 17, 2022 at 11:12am EST)

**Additional Comments:**
1) Successful Attempt: Mar 1, 2022, 6:45 pm EST at 1904 Republic Dr, Dayton, OH 45414-5714 received by Antonio Sloan. Age: 30-35; Ethnicity: African American; Gender: Male; Weight: 170; Height: 5'10"; Hair: Brown;
Defendant positively identified self at time of service.

_____        3/3/2022
Dale Dorning                              Date

CGA Solutions
723 Main Street
Stone Mountain, GA 30083
866-217-8581

Subscribed and sworn to before me by the affiant who is personally known to me.

_____
Notary Public

3/3/2022
Date

VINCENT A. DORNING
Notary Public, State of Ohio
My Comm. Expires 12/15/2025

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

JANICE LESLIE,                          §
                                        §
        Plaintiff,                      §
                                        §        CIVIL ACTION
vs.                                     §
                                        §        FILE NO.: 22A00608
ANTONIO SLOAN and P.A.M.                §
TRANSPORT, INC.,                        §
                                        §
        Defendants.                     §
                                        §

## DEFENDANT ANTONIO SLOAN'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES

COMES NOW **ANTONIO SLOAN**, a Defendant in the above-styled civil action, and files his Answer and Affirmative Defenses to Plaintiff's Complaint for Damages ("Complaint"), showing the Court as follows:

### FIRST DEFENSE

Plaintiff's claims are, or may be barred, in whole or in part, for failure to state a claim upon which relief can be granted.

### SECOND DEFENSE

This Defendant breached no duty to Plaintiff; therefore, Plaintiff may not recover from this Defendant in any sum or manner whatsoever.

### THIRD DEFENSE

No act or omission of this Defendant caused or contributed to cause any damage alleged to have been sustained by Plaintiff; therefore, Plaintiff may not recover from this Defendant in any sum or manner whatsoever.

STATE COURT OF
DEKALB COUNTY, GA.
3/17/2022 3:42 PM
E-FILED
BY: Monique Roberts

## FOURTH DEFENSE

The sole proximate cause of Plaintiff's alleged damages, if any were sustained, was Plaintiff's own negligence, with the result that Plaintiff is not entitled to recover in this case.

## FIFTH DEFENSE

The negligence of Plaintiff equaled or exceeded that of this Defendant in causing the occurrence complained of, with the result that Plaintiff is not entitled to recover in this case.

## SIXTH DEFENSE

This Defendant asserts the affirmative defense of avoidance of consequences pursuant to O.C.G.A. § 51-11-7 and applicable Georgia Law.

## SEVENTH DEFENSE

Plaintiff's assumption of a known risk was the sole proximate cause of Plaintiff's alleged injuries.

## EIGHTH DEFENSE

Plaintiff has a duty to mitigate damages.  Should discovery evidence a failure on Plaintiff's part to do so, this Defendant reserves the right to assert failure to mitigate damages as an affirmative defense.

## NINTH DEFENSE

Plaintiff has failed to plead special damages pursuant to O.C.G.A. § 9-11-9(g).

## TENTH DEFENSE

Plaintiff's claims for attorney's fees and expenses of litigation, to the extent they arise under O.C.G.A. § 13-6-11, are barred by the existence of a *bona fide* dispute as to damages, among other things.

## ELEVENTH DEFENSE

Plaintiff's claims for attorney's fees and expenses of litigation are unwarranted and unsupported by any construction of the law to the facts of this case. As such, Plaintiff's claims for attorney's fees and expenses of litigation should be dismissed.

## TWELFTH DEFENSE

Plaintiff fails to state a claim for punitive damages upon which relief can be granted.

## THIRTEENTH DEFENSE

There is no clear and convincing evidence that Defendants were guilty of willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to the consequences and, accordingly, Plaintiff is not entitled to recover punitive damages in any sum or manner whatsoever.

## FOURTEENTH DEFENSE

Plaintiff's claims for punitive damages are barred by the Constitutions of the United States and the State of Georgia.

## FIFTEENTH DEFENSE

As a Fifteenth Defense, this Defendant answers the Plaintiff's Complaint as follows:

1.

Paragraph 1 of Plaintiff's Complaint contains Plaintiff's statement of the case to which no response is required. To the extent a response is required, this Defendant denies the allegations and preserves all applicable defenses.

## PARTIES, JURISDICTION AND VENUE

2.

This Defendant can neither admit nor deny the allegations contained within Paragraph 2 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

3.

This Defendant admits upon information and belief that the subject accident occurred on February 21, 2021 at or about 4:05 pm at the intersection of Bouldercrest Rd. and River Rd., DeKalb County, GA.  This Defendant denies the remaining allegations contained within Paragraph 3 of Plaintiff's Complaint.

4.

This Defendant admits the allegations contained within Paragraph 4 of Plaintiff's Complaint.

5.

This Defendant admits that he is subject to the jurisdiction and venue of this Court.

6.

This Defendant admits the allegations contained within Paragraph 6 of Plaintiff's Complaint.

7.

This Defendant admits the allegations contained within Paragraph of Plaintiff's Complaint.

8.

This Defendant admits the allegations contained within Paragraph 8 of Plaintiff's Complaint.

9.

This Defendant can neither admit nor deny the allegations contained within Paragraph 9 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

10.

This Defendant can neither admit nor deny the allegations contained within Paragraph 10 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

11.

This Defendant can neither admit nor deny the allegations contained within Paragraph 11 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

12.

This Defendant can neither admit nor deny the allegations contained within Paragraph 12 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

13.

This Defendant can neither admit nor deny the allegations contained within Paragraph 13 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

14.

This Defendant can neither admit nor deny the allegations contained within Paragraph 14 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

15.

This Defendant admits the allegations contained within Paragraph 15 of Plaintiff's Complaint.

## **FACTS**

16.

This Defendant hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 15 of Plaintiff's Complaint as if those responses were set forth herein by reference.

17.

This Defendant can neither admit nor deny the allegations contained within Paragraph 17 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

18.

This Defendant can neither admit nor deny the allegations contained within Paragraph 18 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

19.

This Defendant denies the allegations contained within Paragraph 19 of Plaintiff's Complaint.

20.

This Defendant denies the allegations contained within Paragraph 20 of Plaintiff's Complaint.

21.

This Defendant denies the allegations contained within Paragraph 21 of Plaintiff's Complaint.

22.

This Defendant admits the allegations contained within Paragraph 22 of Plaintiff's Complaint.

23.

This Defendant denies the allegations contained within Paragraph 23 of Plaintiff's Complaint.

24.

This Defendant denies the allegations contained within Paragraph 24 of Plaintiff's Complaint.

25.

This Defendant denies the allegations contained within Paragraph 25 of Plaintiff's Complaint.

26.

This Defendant can neither admit nor deny the allegations contained within Paragraph 26 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

27.

This Defendant denies the allegations contained within Paragraph 27 of Plaintiff's Complaint.

28.

This Defendant can neither admit nor deny the allegations contained within Paragraph 28 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

29.

This Defendant denies the allegations contained within Paragraph 29 of Plaintiff's Complaint.

30.

This Defendant denies the allegations contained within Paragraph 30 of Plaintiff's Complaint.

31.

This Defendant denies the allegations contained within Paragraph 31 of Plaintiff's Complaint.

## COUNT I: NEGLIGENCE OF DEFENDANT ANTONIO SLOAN

32.

This Defendant hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 31 of Plaintiff's Complaint as if those responses were set forth herein by reference.

33.

This Defendant denies the allegations contained within Paragraph 33 of Plaintiff's complaint and all its subparts.

34.

This Defendant denies the allegations contained within Paragraph 34 of Plaintiff's Complaint and all of its subparts.

35.

This Defendant denies the allegations contained within Paragraph 35 of Plaintiff's Complaint.

36.

This Defendant denies the allegations contained within Paragraph 36 of Plaintiff's Complaint and all of its subparts.

37.

This Defendant denies the allegations contained within Paragraph 37 of Plaintiff's Complaint and all of its subparts.

## COUNT II: NEGLIGENCE OF DEFENDANTS P.A.M. TRANSPORT, INC.

38.

This Defendant hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 37 of Plaintiff's Complaint as if those responses were set forth herein by reference.

39.

This Defendant admits that he was an employee of Defendant P.A.M. Transport, Inc. on the date of the subject accident.

40.

This Defendant can neither admit nor deny the allegations contained within Paragraph 40 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

41.

This Defendant denies the allegations contained within Paragraph 41 of Plaintiff's Complaint.

42.

This Defendant can neither admit nor deny the allegations contained within Paragraph 42 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

43.

This Defendant admits that he was authorized to operate the vehicle he was operating at the time of the subject accident.

44.

This Defendant denies the allegations contained within Paragraph 44 of Plaintiff's Complaint.

45.

This Defendant admits that Defendant P.A.M. Transport, Inc. owned the tractor and trailer he was operating at the time of the subject accident. This Defendant denies the remaining allegations contained within Paragraph 45 of Plaintiff's Complaint.

46.

This Defendant denies the allegations contained within Paragraph 46 of Plaintiff's Complaint and all of its subparts.

47.

This Defendant denies the allegations contained within Paragraph 47 of Plaintiff's Complaint.

48.

This Defendant denies the allegations contained within Paragraph 48 of Plaintiff's Complaint.

## COUNT III: COMBINED AND CONCURRING LIABILITY FOR COMPENSATORY DAMAGES

49.

This Defendant hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 48 of Plaintiff's Complaint as if those responses were set forth herein by reference.

50.

This Defendant denies the allegations contained within Paragraph 50 of Plaintiff's Complaint.

51.

This Defendant denies the allegations contained within Paragraph 51 of Plaintiff's Complaint.

52.

This Defendant denies the allegations contained within Paragraph 52 of Plaintiff's Complaint.

## COUNT IV: PUNITIVE DAMAGES

### 53.

This Defendant hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 52 of Plaintiff's Complaint as if those responses were set forth herein by reference.

### 54.

This Defendant denies the allegations contained within Paragraph 54 of Plaintiff's Complaint.

### 55.

This Defendant denies the allegations contained within Paragraph 55 of Plaintiff's Complaint.

### 56.

This Defendant denies the allegations contained within Paragraph 56 of Plaintiff's Complaint.

### 57.

This Defendant denies that Plaintiff is entitled to the relief sought within the "WHEREFORE" Paragraph of Plaintiff's Complaint.

### SIXTEENTH DEFENSE

This Defendant denies any remaining allegations contained in Plaintiff's Complaint not previously responded to.

WHEREFORE, having fully answered, Defendant **ANTONIO SLOAN** prays that he be discharged from this action without costs.

This 17th day of March, 2022.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP

**JASON G. WYRICK**
Georgia Bar No. 143112
**EMMALINE E. WILDER**
Georgia Bar No. 965299
**J. ROBB CRUSER**
Georgia Bar No. 199480
*Attorneys for Defendants*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)
jwyrick@cmlawfirm.com
ewilder@cmlawfirm.com
rcruser@cmlawfirm.com

STATE COURT OF
DEKALB COUNTY, GA.
3/17/2022 3:42 PM
E-FILED
BY: Monique Roberts

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **JANICE LESLIE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION** |
| **vs.** | § | |
| | § | **FILE NO.: 22A00608** |
| **ANTONIO SLOAN and P.A.M.** | § | |
| **TRANSPORT, INC.,** | § | |
| | § | |
| **Defendants.** | § | |

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I have this day served a copy of the within and foregoing **DEFENDANT ANTONIO SLOAN'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES** with the Clerk of Court using the Odyssey eFileGA system which will automatically send e-mail notification of such filing to the following counsel of record:

Rob Loar, Esq.
WLG Atlanta, LLC
600 Peachtree St, NE
Suite 4010
Atlanta, GA 30308
Rob.loar@witheritelaw.com
*Attorney for Plaintiff*

This 17th day of March, 2022.

**CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP**

**JASON G. WYRICK**
Georgia Bar No. 143112
**EMMALINE E. WILDER**
Georgia Bar No. 965299
**J. ROBB CRUSER**
Georgia Bar No. 199480
*Attorneys for Defendants*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **JANICE LESLIE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION** |
| **vs.** | § | |
| | § | **FILE NO.: 22A00608** |
| **ANTONIO SLOAN and P.A.M.** | § | |
| **TRANSPORT, INC.,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

## <u>RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY</u>

I hereby certify that I have this day served all counsel of record in this action with a copy

of the following:

1. DEFENDANT ANTONIO SLOAN'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS; and
2. DEFENDANT P.A.M. TRANSPORT, INC.'S, RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS

by STATUTORY ELECTRONIC SERVICE via the email addresses below:

Rob Loar, Esq.
WLG Atlanta, LLC
600 Peachtree St, NE, Suite 4010
Atlanta, GA  30308
<u>Rob.loar@witheritelaw.com</u>
*Attorney for Plaintiff*

*[Signature contained on next page.]*

This 17th day of March, 2022.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)
jwyrick@cmlawfirm.com
ewilder@cmlawfirm.com
rcruser@cmlawfirm.com

**JASON G. WYRICK**
Georgia Bar No. 143112
**EMMALINE E. WILDER**
Georgia Bar No. 965299
**J. ROBB CRUSER**
Georgia Bar No. 199480
*Attorneys for Defendants*

STATE COURT OF
DEKALB COUNTY, GA.
3/17/2022 3:42 PM
E-FILED
BY: Monique Roberts

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

JANICE LESLIE,                          §
                                        §
        Plaintiff,                      §
                                        §      CIVIL ACTION
vs.                                     §
                                        §      FILE NO.: 22A00608
ANTONIO SLOAN, and P.A.M.               §
TRANSPORT, INC.,                        §
                                        §
        Defendants.                     §
                                        §

## DEFENDANT P.A.M TRANSPORT, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES

COMES NOW **P.A.M. TRANSPORT, INC.**, a Defendant in the above-styled civil action, and files its Answer and Affirmative Defenses to Plaintiff's Complaint for Damages ("Complaint"), showing the Court as follows:

### FIRST DEFENSE

Plaintiff's claims are, or may be barred, in whole or in part, for failure to state a claim upon which relief can be granted.

### SECOND DEFENSE

This Defendant breached no duty to Plaintiff; therefore, Plaintiff may not recover from this Defendant in any sum or manner whatsoever.

### THIRD DEFENSE

No act or omission of this Defendant caused or contributed to cause any damage alleged to have been sustained by Plaintiff; therefore, Plaintiff may not recover from this Defendant in any sum or manner whatsoever.

STATE COURT OF
DEKALB COUNTY, GA.
3/17/2022 3:42 PM
E-FILED
BY: Monique Roberts

## FOURTH DEFENSE

The sole proximate cause of Plaintiff's alleged damages, if any were sustained, was Plaintiff's own negligence, with the result that Plaintiff is not entitled to recover in this case.

## FIFTH DEFENSE

The negligence of Plaintiff equaled or exceeded that of this Defendant in causing the occurrence complained of, with the result that Plaintiff is not entitled to recover in this case.

## SIXTH DEFENSE

This Defendant asserts the affirmative defense of avoidance of consequences pursuant to O.C.G.A. § 51-11-7 and applicable Georgia Law.

## SEVENTH DEFENSE

Plaintiff's assumption of a known risk was the sole proximate cause of Plaintiff's alleged injuries.

## EIGHTH DEFENSE

Plaintiff has a duty to mitigate damages.  Should discovery evidence a failure on Plaintiff's part to do so, this Defendant reserves the right to assert failure to mitigate damages as an affirmative defense.

## NINTH DEFENSE

Plaintiff has failed to plead special damages pursuant to O.C.G.A. § 9-11-9(g).

## TENTH DEFENSE

Plaintiff's claims for attorney's fees and expenses of litigation, to the extent they arise under O.C.G.A. § 13-6-11, are barred by the existence of a *bona fide* dispute as to damages, among other things.

## ELEVENTH DEFENSE

Plaintiff's claims for attorney's fees and expenses of litigation are unwarranted and unsupported by any construction of the law to the facts of this case.  As such, Plaintiff's claims for attorney's fees and expenses of litigation should be dismissed.

## TWELFTH DEFENSE

Plaintiff fails to state a claim for punitive damages upon which relief can be granted.

## THIRTEENTH DEFENSE

There is no clear and convincing evidence that Defendants were guilty of willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to the consequences and, accordingly, Plaintiff is not entitled to recover punitive damages in any sum or manner whatsoever.

## FOURTEENTH DEFENSE

Plaintiff's claims for punitive damages are barred by the Constitutions of the United States and the State of Georgia.

## FIFTEENTH DEFENSE

As a Fifteenth Defense, this Defendant answers the Plaintiff's Complaint as follows:

1.

Paragraph 1 of Plaintiff's Complaint contains Plaintiff's statement of the case to which no response is required.  To the extent a response is required, this Defendant denies the allegations and preserves all applicable defenses.

## PARTIES, JURISDICTION AND VENUE

### 2.

This Defendant can neither admit nor deny the allegations contained within Paragraph 2 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

### 3.

This Defendant admits upon information and belief that the subject accident occurred on February 21, 2021 at or about 4:05 pm at the intersection of Bouldercrest Rd. and River Rd., DeKalb County, GA.  This Defendant denies the remaining allegations contained within Paragraph 3 of Plaintiff's Complaint.

### 4.

This Defendant can neither admit nor deny the allegations contained within Paragraph 4 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

### 5.

This Defendant can neither admit nor deny the allegations contained within Paragraph 5 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

### 6.

This Defendant can neither admit nor deny the allegations contained within Paragraph 6 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

7.

This Defendant can neither admit nor deny the allegations contained within Paragraph 7 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

8.

This Defendant can neither admit nor deny the allegations contained within Paragraph 8 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

9.

This Defendant admits the allegations contained within Paragraph 9 of Plaintiff's Complaint.

10.

This Defendant admits the allegations contained within Paragraph 10 of Plaintiff's Complaint.

11.

This Defendant admits that it is subject to the jurisdiction of this Court, and that venue is appropriate in DeKalb County pursuant to O.C.G.A. § 40-1-117(b).

12.

This Defendant admits the allegations contained within Paragraph 12 of Plaintiff's Complaint.

13.

This Defendant admits the allegations contained within Paragraph 13 of Plaintiff's Complaint.

14.

This Defendant admits the allegations contained within Paragraph 14 of Plaintiff's Complaint.

15.

This Defendant admits the allegations contained within Paragraph 15 of Plaintiff's Complaint.

## **FACTS**

16.

This Defendant hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 15 of Plaintiff's Complaint as if those responses were set forth herein by reference.

17.

This Defendant can neither admit nor deny the allegations contained within Paragraph 17 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

18.

This Defendant can neither admit nor deny the allegations contained within Paragraph 18 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

19.

This Defendant denies the allegations contained within Paragraph 19 of Plaintiff's Complaint.

20.

This Defendant denies the allegations contained within Paragraph 20 of Plaintiff's Complaint.

21.

This Defendant denies the allegations contained within Paragraph 21 of Plaintiff's Complaint.

22.

This Defendant admits the allegations contained within Paragraph 22 of Plaintiff's Complaint.

23.

This Defendant denies the allegations contained within Paragraph 23 of Plaintiff's Complaint.

24.

This Defendant denies the allegations contained within Paragraph 24 of Plaintiff's Complaint.

25.

This Defendant denies the allegations contained within Paragraph 25 of Plaintiff's Complaint.

26.

This Defendant can neither admit nor deny the allegations contained within Paragraph 26 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

27.

This Defendant denies the allegations contained within Paragraph 27 of Plaintiff's Complaint.

28.

This Defendant can neither admit nor deny the allegations contained within Paragraph 28 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

29.

This Defendant denies the allegations contained within Paragraph 29 of Plaintiff's Complaint.

30.

This Defendant denies the allegations contained within Paragraph 30 of Plaintiff's Complaint.

31.

This Defendant denies the allegations contained within Paragraph 31 of Plaintiff's Complaint.

## COUNT I: NEGLIGENCE OF DEFENDANT ANTONIO SLOAN

32.

This Defendant hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 31 of Plaintiff's Complaint as if those responses were set forth herein by reference.

33.

This Defendant denies the allegations contained within Paragraph 33 of Plaintiff's complaint and all its subparts.

34.

This Defendant denies the allegations contained within Paragraph 34 of Plaintiff's Complaint and all of its subparts.

35.

This Defendant denies the allegations contained within Paragraph 35 of Plaintiff's Complaint.

36.

This Defendant denies the allegations contained within Paragraph 36 of Plaintiff's Complaint and all of its subparts.

37.

This Defendant denies the allegations contained within Paragraph 37 of Plaintiff's Complaint and all of its subparts.

## COUNT II: NEGLIGENCE OF DEFENDANTS P.A.M. TRANSPORT, INC.

38.

This Defendant hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 37 of Plaintiff's Complaint as if those responses were set forth herein by reference.

39.

This Defendant admits that Defendant Antonio Sloan was an employee of Defendant P.A.M. Transport, Inc. on the date of the subject accident.

40.

This Defendant can neither admit nor deny the allegations contained within Paragraph 40 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

41.

This Defendant denies the allegations contained within Paragraph 41 of Plaintiff's Complaint.

42.

This Defendant can neither admit nor deny the allegations contained within Paragraph 42 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

43.

This Defendant admits that Defendant Antonio Sloan was authorized to operate the vehicle he was operating at the time of the subject accident.

44.

This Defendant denies the allegations contained within Paragraph 44 of Plaintiff's Complaint.

45.

This Defendant admits that it owned the tractor and trailer operated by Defendant Antonio Sloan at the time of the subject accident.  This Defendant denies the remaining allegations contained within Paragraph 45 of Plaintiff's Complaint.

46.

This Defendant denies the allegations contained within Paragraph 46 of Plaintiff's Complaint and all of its subparts.

47.

This Defendant denies the allegations contained within Paragraph 47 of Plaintiff's Complaint.

48.

This Defendant denies the allegations contained within Paragraph 48 of Plaintiff's Complaint.

## COUNT III: COMBINED AND CONCURRING LIABILITY FOR COMPENSATORY DAMAGES

49.

This Defendant hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 48 of Plaintiff's Complaint as if those responses were set forth herein by reference.

50.

This Defendant denies the allegations contained within Paragraph 50 of Plaintiff's Complaint.

51.

This Defendant denies the allegations contained within Paragraph 51 of Plaintiff's Complaint.

52.

This Defendant denies the allegations contained within Paragraph 52 of Plaintiff's Complaint.

## COUNT IV: PUNITIVE DAMAGES

53.

This Defendant hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 52 of Plaintiff's Complaint as if those responses were set forth herein by reference.

54.

This Defendant denies the allegations contained within Paragraph 54 of Plaintiff's Complaint.

55.

This Defendant denies the allegations contained within Paragraph 55 of Plaintiff's Complaint.

56.

This Defendant denies the allegations contained within Paragraph 56 of Plaintiff's Complaint.

57.

This Defendant denies that Plaintiff is entitled to the relief sought within the "WHEREFORE" Paragraph of Plaintiff's Complaint.

## SIXTEENTH DEFENSE

This Defendant denies any remaining allegations contained in Plaintiff's Complaint not previously responded to.

WHEREFORE, having fully answered, Defendant **P.A.M. TRANSPORT, INC.** prays that it be discharged from this action without costs.

This 17th day of March, 2022.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP

**JASON G. WYRICK**
Georgia Bar No. 143112
**EMMALINE E. WILDER**
Georgia Bar No. 965299
**J. ROBB CRUSER**
Georgia Bar No. 199480
*Attorneys for Defendants*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)
jwyrick@cmlawfirm.com
ewilder@cmlawfirm.com
rcruser@cmlawfirm.com

STATE COURT OF
DEKALB COUNTY, GA.
3/17/2022 3:42 PM
E-FILED
BY: Monique Roberts

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| **JANICE LESLIE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION** |
| **vs.** | § | |
| | § | **FILE NO.: 22A00608** |
| **ANTONIO SLOAN and P.A.M.** | § | |
| **TRANSPORT, INC.,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a copy of the within and foregoing **DEFENDANT P.A.M. TRANSPORT, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES** with the Clerk of Court using the Odyssey eFileGA system which will automatically send e-mail notification of such filing to the following counsel of record:

Rob Loar, Esq.
WLG Atlanta, LLC
600 Peachtree St, NE
Suite 4010
Atlanta, GA 30308
Rob.loar@witheritelaw.com
*Attorney for Plaintiff*

This 17th day of March, 2022.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP

**JASON G. WYRICK**
Georgia Bar No. 143112
**EMMALINE E. WILDER**
Georgia Bar No. 965299
**J. ROBB CRUSER**
Georgia Bar No. 199480
*Attorneys for Defendants*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| JANICE LESLIE, § | |
| § | |
| Plaintiff, § | |
| § | **CIVIL ACTION** |
| vs. § | |
| § | **FILE NO.: 22A00608** |
| ANTONIO SLOAN and P.A.M. § | |
| TRANSPORT, INC., § | |
| § | |
| Defendants. § | |
| § | |

### DEFENDANTS' DEMAND FOR TRIAL BY A JURY OF TWELVE PERSONS

COME NOW **ANTONIO SLOAN** and **P.A.M. TRANSPORT, INC.,** named as

Defendants in the above-styled civil action, and file this Demand for Trial by a Jury of Twelve

Persons pursuant to O.C.G.A. § 15-12-122(a)(2), which states as follows:

> In all civil actions in the state courts in which the claim for damages is greater
> than $25,000.00, either party may demand in writing prior to the commencement
> of the trial term that the case be tried by a jury of 12. If such a demand is made,
> the judge shall follow the procedures for superior courts of sub-section (b) of this
> Code section.

See also O.C.G.A. § 15-12-123(a)(2) which reads as follows:

> In all civil actions in the state courts in which a jury of 12 is demanded, the judge
> shall follow the procedures for superior courts of sub-section (b) of this Code
> section.

WHEREFORE, demand is made for trial of this case by a jury of 12 as provided by law.

*[Signature contained on next page.]*

STATE COURT OF
DEKALB COUNTY, GA.
3/17/2022 3:42 PM
E-FILED
BY: Monique Roberts

This 17th day of March, 2022.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP

**JASON G. WYRICK**
Georgia Bar No. 143112
**EMMALINE E. WILDER**
Georgia Bar No. 965299
**J. ROBB CRUSER**
Georgia Bar No. 199480
*Attorneys for Defendants*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)
jwyrick@cmlawfirm.com
ewilder@cmlawfirm.com
rcruser@cmlawfirm.com

STATE COURT OF
DEKALB COUNTY, GA.
3/17/2022 3:42 PM
E-FILED
BY: Monique Roberts

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **JANICE LESLIE,** | § |
| | § |
| Plaintiff, | § |
| | § |
| vs. | § |
| | § |
| **ANTONIO SLOAN and P.A.M.** | § |
| **TRANSPORT, INC.,** | § |
| | § |
| Defendants. | § |
| | § |

**CIVIL ACTION**

**FILE NO.: 22A00608**

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I have this day electronically filed the within and foregoing **DEFENDANTS' DEMAND FOR TRIAL BY A JURY OF TWELVE PERSONS** with the Clerk of Court using the Odyssey eFileGA system which will send e-mail notification of such filing to the following counsel of record or served a copy of the within and foregoing by STATUTORY ELECTRONIC SERVICE to the e-mail addresses below:

Rob Loar, Esq.
WLG Atlanta, LLC
600 Peachtree St, NE, Suite 4010
Atlanta, GA  30308
<u>Rob.loar@witheritelaw.com</u>
*Attorney for Plaintiff*

This 17th day of March, 2022.

**CRUSER, MITCHELL, NOVITZ,**
**SANCHEZ, GASTON & ZIMET, LLP**

**JASON G. WYRICK**
Georgia Bar No. 143112
**EMMALINE E. WILDER**
Georgia Bar No. 965299
**J. ROBB CRUSER**
Georgia Bar No. 199480
*Attorneys for Defendants*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)